## SMITH v. LEAHY, *County Judge.*

### No. 8148.   Opinion Filed June 13, 1916.

#### (158 Pac. 361.)

**PROHIBITION—Nature of Remedy—Acts of Judicial Officer.** Where plaintiff. in an original action against a county judge in this court, alleges certain facts which entitle him to a writ of prohibition, and where defendant admits the facts alleged by answer and in open court gives assurance that the matters complained of have been discontinued and will not again occur, and that the rights of plaintiff will be recognized and fully accorded him, the writ will not issue unless it should hereafter be made to appear that plaintiff's rights have been further denied.

(Syllabus by the Court.)

Original action by Thomas P. Smith for writ of prohibition to Thomas W. Leahy, as County Judge of Muskogee County.   Writ denied.

*Furry & Motter,* for petitioner.

*N. A. Gibson,* for respondent.

HARDY, J.   This is an original action brought in this court by plaintiff, who seeks a writ of prohibition against the defendant as judge of the county court of Muskogee county, to restrain and prohibit said defendant from preventing plaintiff from attending sales of oil and gas leases by the county court of said county, and prohibiting said defendant from refusing to permit plaintiff to bid for oil and gas leases at said sales, and to prohibit said defendant from refusing to consider and entertain bids made and offered by plaintiff, and from refusing to confirm said sales in case plaintiff shall purchase leases in accordance with law and the rules of said court regulating such sales; and in said petition plaintiff by proper allegations sets forth facts which would entitle him to the relief prayed.

The defendant filed answer to plaintiff's petition, admitting the material allegations therein and setting up certain facts which he alleges constituted provocation for the conduct complained of; admitting that said acts were without authority and were illegal, and further alleging that there is not now any order preventing plaintiff from appearing or exercising his rights in said court in respect to any of the matters complained of, and that no order will be made or steps taken by defendant to prevent the plaintiff from so appearing and exercising such rights; that defendant will not refuse to entertain or consider bids made by plaintiff for himself or any one represented by him; and that no personal feeling existing between defendant and plaintiff will be permitted to enter into the question of the acceptance of said bids or confirmation of sales made to plaintiff, in the event he shall become purchaser of leases or other property sold through said court.

That the acts and things complained of were clearly illegal and deprived plaintiff of rights to which he was entitled there can be no question, and such is admitted to be true by defendant. And that such conduct entitled plaintiff to the relief sought is clear; but in view of the assurance given this court, both in his answer and by counsel in open court, that such acts and conduct will not be repeated and that plaintiff will not be interfered with in the exercise of his rights in the respects complained of, and that proper consideration will be given any bids made by him, and that his rights in all other respects will be duly accorded him by defendant, the writ of prohibition will not issue, unless it should be further made to appear to this court that the rights of plaintiff have been further denied him by defendant.

All the Justices concur.